FERRIS et al. v. FERRIS.

(Supreme Court, Appellate Division, Second Department.   November 29, 1898.)

1. RELEASE—FRAUD—BURDEN OF PROOF.

A son claiming under a release executed by his mother, discharging him from all liability for funds received by him while acting as her agent in managing her deceased husband's estate, has the burden of showing that the release was procured without fraud or undue influence.

2. SAME—EVIDENCE—SUFFICIENCY.

The fact that a mother lived happily with a certain son's family for a long time prior to her death; that her affection for him was strong and constantly growing; that her other children rarely visited her,—is sufficient to show that a release executed by her, discharging him from all liability for funds received by him while acting as her agent in managing her deceased husband's estate, was procured without fraud or undue influence.

3. SAME—CONSTRUCTION.

A general release executed by a widow, discharging her son from all liability for funds collected by him while acting as her agent in managing her deceased husband's estate, will discharge the son from liability for interest collected by him on a mortgage belonging to such estate.

4. COSTS—INTERLOCUTORY JUDGMENT—ISSUE OF LAW.

In an action to compel defendant to account to an administrator for funds received from the intestate in her lifetime, an issue was tried on a question as to whether a release by the intestate was procured by undue influence. An interlocutory judgment was rendered adjudging that the release discharged defendant from liability on all items except one. *Held,* that such judgment was not rendered on an issue of law, within Code Civ. Proc. § 3232, providing for costs on the rendition of such a judgment, while an issue of fact remains undisposed of.

Appeal from special term, Kings county.

Action by William Ferris and another, as administrators of the estate of Mary A. Ferris, deceased, against Eugene Ferris, Jr., individually and as executor of the estate of Eugene Ferris, deceased, for an accounting. From that part of an interlocutory judgment adjudging that defendant was released from liability for all items of the account except for interest on a certain mortgage, plaintiffs appeal, and defendant appeals from that part requiring him to account for such interest.   Modified.

A statement of the facts of the case, as follows, is prefixed to the opinion of the court at special term:

"The said Mary A. Ferris died intestate in January, 1897.  Her husband, Eugene Ferris, died in April, 1887.  They resided in Brooklyn.  Five children, two of them sons (the defendant being one of them), survived the said parents.  A son of a deceased son also survived them.  The daughters were all married.  One lived in Washington, D. C., one in Atlantic City, N. J., and one in Brooklyn.  The sons were both married, and lived in Brooklyn.  The defendant was 31 years old when the father died.  He was in business with his father as partner.  He had always lived with his parents, and continued to do so after his marriage, and, when his father died, he and his wife and children and his mother continued as one family, in the same house, which was owned by the father.  The defendant has eight children.  The father also owned a summer residence, a bond and mortgage for $3,000, and a lot and building in New York City worth about $100,000, in the store of which he and the defendant carried on their said business.  The value of the said other real estate is not given.  By his will the father left all of his estate to his widow for life.  To the defendant he left the said business and the use of the said store, for which he was required to pay a rent of $2,400 a year to

the widow.   Upon the death of the widow the entire estate was given to the
defendant, except a legacy of $10,000 to each of the said daughters, of $5,000
to the son William, of $5,000 to the said grandson, and of $1,000 to a niece.
The defendant was thus given more than half of the estate.   The widow and
the defendant were named executors, and upon her death the settlement of
the estate was intrusted to him.   The collection of the income during the life
estate was not intrusted to the executors by the will.   The widow intrusted
such collection and the management of the estate to the defendant.   He col-
lected about $200 a month of income, besides the rent for the said store due
from him, making him chargeable with about $4,800 a year during the 10
years of the life estate.   Of this he gave the widow about $1,800 a year.   He
also occupied the said two residences with her, without paying anything
therefor.   She executed three general releases to him on account of any ob-
ligation or indebtedness by him to her growing out of such relation, viz.:
One on May 6, 1891; one on October 7, 1893, which was confirmed on Decem-
ber 7, 1893; and one on January 13, 1896,—and they are pleaded as defenses.
They are, in terms, for sums stated and love and affection.   The defendant
was very low in sickness, and not expected to recover, when the second was
executed, and it recites that fact.   They were prepared by the defendant's
attorney, and he had each executed.   The mother was on affectionate terms
with the defendant and his wife and children, and the household was happy
and harmonious.   The great preference given to the defendant by the fa-
ther's will caused some coldness towards him by the other children, and, with
the exception of the one daughter that lived in Brooklyn, they seldom saw
their mother.   They all had free access to her.   She was affectionate to all
her children, and made regular presents of money to her daughters, and also
made a gift causa mortis to one of them of $500 when ill a year before she
died.   She was 86 years old when she died.   She was of a somewhat delicate
and feeble habit of body, but she was an intelligent woman, and her intellect
was not impaired."

The court held that the releases mentioned in the above statement
of facts were effective to discharge the defendant from liability up
to January 13, 1896, as to all matters in controversy except the
interest on the $3,000 mortgage.   On this appeal the plaintiffs con-
tend that no effect at all should have been given to the releases,
while the defendant insists that they operated to relieve him from
liability for the mortgaged interest as well as in respect to the other
matters of his father's estate.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Josiah T. Marean, for plaintiffs.

Peter Condon, for defendant.

PER CURIAM.   The learned judge at special term held, in sub-
stance, that the relation between the defendant and his mother in
reference to the estate of her deceased husband was an agency in-
volving an element of trust, the bare proof of which raised a pre-
sumption adverse to the releases, making it incumbent upon the son
to show affirmatively, in the language of Cowee v. Cornell, 75 N. Y.
91, "that no deception was practiced, no undue influence was used,
and that all was fair."   He was of the opinion, however, that the
defendant had sustained the burden of overcoming this presumption
by the evidence which he offered of his mother's long and happy
home life with him and his family during her 10 years of widowhood,
and her strong and constantly growing affection for the defendant
as compared with her other children, which the learned judge deemed

only natural, under the circumstances disclosed by the proof. Counsel for the plaintiffs concedes that great affection is always a sufficient explanation of testamentary dispositions. If its existence is satisfactorily proved,—and we cannot say that it was not so proved in this case,—we are unable to see why it may not also suffice to remove all suspicion of unfairness concerning dealings inter vivos, by which property rights are affected. In this view, there is no ground for disturbing the judgment so far as the plaintiffs have appealed from it. We think that the defendant is right, however, on his appeal, in the contention that the releases should have been adjudged effective to discharge him from liability for interest on the $3,000 mortgage up. to the date of the latest release. The award of costs against the defendant at this time must also be stricken out, as the judgment is only interlocutory, and the case is not that provided for in section 3232 of the Code of Civil Procedure.

Interlocutory judgment modified so as to exclude from the accounting thereby directed the item of interest on the $3,000 mortgage, except for a period subsequent to January 13, 1896; also further modified by striking therefrom the award of costs to the plaintiffs; and, as thus modified, interlocutory judgment affirmed.